**TIMU LEVALE by and on Behalf of the TIMU FAMILY, Plaintiffs,**

v.

**RAY McMOORE, SESE McMOORE, and IOANE FE'AFE'AGA ENE, Defendants.**

High Court of American Samoa
Trial Division

LT No. 20-93

July 6, 1993

Before RICHMOND, Associate Justice; LOGOAI, Associate Judge; and BETHAM, Associate Judge.

Counsel: For Plaintiffs, Asaua Fuimaono
For Defendants Ray McMoore and Sese McMoore, Togiola T.A. Tulafono
For Defendant Ioane Fe'afe'aga Ene, Albert Mailo

ORDERS DENYING PRELIMINARY INJUNCTION
AND STAYING ACTION

Plaintiff's application for a preliminary injunction came regularly on June 10, 1993 for hearing. The court, having heard testimony and considered the evidence, makes the following findings, conclusions and

orders.

## FINDINGS OF FACT

Plaintiff Timu Tavale ("Timu") brought this action to quiet title to approximately 3.5 acres of land in the village of Ili'ili, American Samoa, as the Timu family's communal land, known as "Fala Toga." He is seeking a preliminary injunction prohibiting: (1) defendant Ioane Fe'afe'aga Ene ("Fe'afe'aga") from any further alienation of any portion of this land; and (2) defendants Ray McMoore and Sese McMoore (collectively "the McMoores") from making any further improvements on the land.

Fe'afe'aga claims initial ownership and title registration, on March 22, 1990, of approximately 8.37 acres of land as his individually owned land, known as "Tualepipi," which encompasses the area claimed by Timu. Fe'afe'aga and the McMoores clam Sese McMoore's ownership, by Fe'afe'aga's conveyance to her on May 30, 1991, of approximately 2.206 acres of this land, within the same area claimed by Timu. The McMoores have virtually completed construction of a large, two-story house on this parcel. Apparently, Fe'afe'aga conveyed additional subdivided parcels of the 8.37 acres to other persons, who are not presently parties to this action. These additional parcels may or may not be wholly or partially within the area claimed by Timu.

Fe'afe'aga began the process for title registration of the land in October 1989. On March 19, 1990, two persons filed an objection to the registration with the territorial registrar. On March 20, 1990, the Acting Territorial Registrar referred the controversy to the Secretary of Samoan Affairs for dispute resolution proceedings. However, after the objections were withdrawn on March 19, 1990, the registrar issued the certificate of registration on March 22, 1990, to Fe'afe'aga as his individually owned land.

The affidavit of posting of the notice for proposed registration of land was executed on March 12, 1990, seven days before the stated end, on March 19, 1990, of the notice period. The affidavit showed that the notice was posted on the bulletin board at the administration building, which is also the courthouse on the village of Fagatogo, and on one telephone pole in the village of Ili'ili. The notice for proposed registration of land was not published in a local newspaper. Notarized statements by the pulenu'u, newspaper, and clerk of courts, each certifying that the required notice had been given, were not provided to the territorial registrar.

Timu has lived in Hawaii for the past 30 years. He plans to return permanently to American Samoa when he retires later this year. His sisters living in American Samoa have kept him informed about Timu

family matters here. However, he declares that he was not actually aware of Fe'afe'aga's title registration and the McMoore's house until he recently discovered that the land claimed by him had been largely cleared of crops and the McMoore's house was on it. He also states that Timu family members lived on this land, at least until he relocated to Hawaii, and before since have extensively cultivated the land until it was recently cleared. He asserts that the fence along part of the boundary of the registered land incorrectly defines the border between Sagapolu and Fe'afe'aga family lands. He insists that the lands in this immediate area belong communally either to his family, the Sagapolu family, or the Fuga family, and that none are owned by Fe'afe'aga or his family. Fe'afe'aga and the McMoores dispute Timu's claim to senior mataiship and assert that the matai title Letuli controls Timu family lands.

No certificate of irreconcilable dispute has been filed in this action.

## CONCLUSIONS OF LAW

■ Notice of proposed land title registration must be published in a local newspaper at least once each 30 days during the notice period. A.S.C.A. § 37.0103(a), as amended by Public Law No. 20-61, approved on August 26, 1988, and Public Law No. 21-1, approved on March 16, 1989. The same two public laws also added the requisite, as new A.S.C.A. § 37.0103(c), that the registrant shall provide to the territorial registrar notarized certificates by the pulenu'u, newspaper, and clerk of courts stating that the required notices have been given. Having been enacted by a two-thirds vote of the entire membership of both houses of the Legislature of American Samoa and signed by the Governor at two successive legislative sessions, the necessity of newspaper publication and notice certifications as part of the title registration process effectively became law on May 22, 1989, 60 days after the close of the First Regular Session of the Twenty-First Legislature. *See* Rev. Am. Samoa Const. art. I, § 3, art. II, §§ 9, 19. Since none of these essential conditions to title registration were met, Fe'afe'aga's title registration in 1990 is void. *Ifopo v. Siatu'u*, 12 A.S.R.2d 24, 28 (App. Div. 1989); *Faleafine v. Suapilimai*, 7 A.S.R.2d 108, 113 (Land & Titles Div. 1988); *see Sosene v. Laualemaga*, AP No. 20-90, slip op. (App. Div. Jun. 8, 1992).

■ The title registration record is also facially deficient in that the affidavit of posting affirmatively showed only a single posting in the village of Ili'ili and, thus, a failure to post at two public places in the village. *Sosene, supra*. Further, the affidavit of posting was subscribed before the end of the 60-day notice and, thus, was prepared without the subscriber's personal knowledge. *Vaimaona v. Tuitasi*, 18 A.S.R.2d 88, 95 (App. Div. 1991).

The issue of land ownership is not resolved by setting aside Fe'afe'aga'a defective title registration. The 8.37 acres or portions of it may be communally owned by the Fe'afe'aga family, Timu family, Sagapolu family, Fuga family, Letuli family, or other families, or individually owned by Fe'afe'aga, Sese McMoore, or other persons. This ownership will be the ultimate issue at trial.

Meanwhile, a preliminary injunction will not be issued. On balance, the far greater harm before trial falls on Fe'afe'aga and the McMoores. The evidence presented so far has indicated that they have relied on Fe'afe'aga's title registration in good faith. The McMoore's new house on the land at issue is large and costly. The harm to the Timu family's use of the land is not irreparable. Thus, Timu has not met the burden of showing great or irreparable injury to him or his family before a full and final trial can be fairly held on whether a permanent injunction should issue. The showing is essential to issuance of a preliminary injunction under A.S.C.A. § 43.1301(j)(2). Since this element is not present, it is unnecessary to analyze the other imperative basis for a preliminary injunction, the applicant's substantial likelihood of prevailing at trial.

■ However, a stay of further proceedings in this action, except for appropriate interim orders under A.S.C.A. § 43.0304, is necessary or appropriate for two reasons. First, the filing in this action of a certificate of irreconcilable dispute, issued by the Secretary of Samoan Affairs or his deputy, is a jurisdictional prerequisite. A.S.C.A. § 43.0302; *see Moeisogi v. Faleafine*, 5 A.S.R.2d 131, 132-33 (Land & Titles Div. 1987).

■ Second, land title registration proceedings, conducted in full compliance with A.S.C.A. §§ 37.0101-37.0104, would afford all persons alleging competing ownership interests in the land the opportunity to establish their interests and facilitate ultimate resolution of the ownership issue. *See Olo v. Tulisua*, 6 A.S.R.2d 86, 89 (Land & Titles Div. 1987).

**ORDERS**

The application for a preliminary injunction is denied. Further proceedings in this action are stayed, except for essential interim orders, pending; (1) filing of a properly issued certificate of irreconcilable dispute and (2) completion of properly conducted land title registration proceedings.

It is so ordered.